IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RYAN ANAYA AND CHAD WARD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 5:18-CV-270-UJH-KOB |
| ) | |
| CITY OF FORT PAYNE, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant's Motion to Dismiss. (Doc. 6). Plaintiffs Ryan Anaya and Chad Ward brought this action against the City of Fort Payne under 42 U.S.C. §§ 1983 and 1988 and the Fifth and Fourteenth Amendments to the United States Constitution, as well as certain state law claims, alleging Fort Payne's 2017 logging ordinance ("Ordinance 2017-02") violates the Constitution. (Doc. 1). Defendant's motion to dismiss, pursuant to Rule 12(b)(1), argues that this court lacks subject matter jurisdiction because Plaintiffs have not suffered an injury in fact and thus lack standing. For the following reasons, the court will GRANT the Defendant's motion and DISMISS WITHOUT PREJUDICE Plaintiffs' action challenging the logging ordinance identified in their complaint.

**I. Factual Background**

On February 18, 2016 Plaintiffs Anaya and Ward bought and closed on a 43-acre tract of land in Fort Payne, Alabama, intending to clear cut and harvest the timber for re-sale. (Doc. 1, at ¶¶ 5–6). At the time of purchase, Plaintiffs apparently believed the City had zoned the property for "agricultural/timber" use. (*Id.* at ¶ 6). Shortly after the purchase, Plaintiffs filed for the proper permit to clear cut the trees but were denied the permit, allegedly with the explanation that an

upcoming moratorium and city ordinance would prohibit Plaintiffs' plans. (*Id.* at ¶ 7). On November 28, 2016, the City of Fort Payne approved Ordinance 2017-02, which, effective March 21, 2017, allegedly prohibited Plaintiffs from using their recently-acquired property for the purposes they intended upon purchase. (*Id.* at ¶ 11). Plaintiffs then filed suit in this court on February 16, 2018, alleging Ordinance 2017-02 violated their constitutional rights.

Defendant City of Fort Payne filed a motion to dismiss for lack of subject matter jurisdiction on May 21, 2018. The motion to dismiss, and more specifically the accompanying affidavit of Fort Payne Zoning and Inspections Coordinator and Zoning Administrator Jimmy Gilbreath, argued that Plaintiffs' complaint incorrectly claims the City had zoned the tract at issue as "agricultural/timber." (Doc. 6-1, at ¶ 4). Instead, Defendant Fort Payne argues the tract has had the "R-1 Residential" classification since before Plaintiffs purchased it. (*Id.*). Defendant's motion to dismiss included a Fort Payne Zoning Ordinance from 2008 describing the permitted and conditional uses of R-1 Residential properties, neither of which appear to include timber extraction. (Doc. 6-1, at Ex. B 8). Finally, Defendant Fort Payne included in its motion to dismiss an Official Zoning Map that appears to label the region within which Plaintiffs' property sits as "R-1 Residential" land. (Doc. 6-1, at Ex. C). Defendant argues this evidence together shows Plaintiffs have not suffered an injury in fact from the zoning ordinance Plaintiffs identified in their complaint and so lack standing, meaning this court does not have subject matter jurisdiction.

This court ordered a briefing schedule, and Plaintiffs' response was due June 13; upon Plaintiffs' request, the court extended the due date to June 20. But, instead of filing a response to Defendant's motion to dismiss, on June 20 Plaintiffs moved for leave to amend their complaint. (Doc. 13). On July 18, this court denied Plaintiffs' motion for leave to file an amended complaint

without prejudice, because the Plaintiffs failed to include a proposed amended complaint alongside their motion. (Doc. 16). Since the July 18 order, Plaintiffs have neither properly moved to amend the complaint again, this time with a proposed complaint attached, nor have they responded to Defendant's motion to dismiss, as they were required to do by June 20.

## II. Standard of Review

Article III of the United States Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. To determine which "cases and controversies" are properly justiciable, federal courts require that plaintiffs have standing to bring the claim; standing requires (1) injury in fact; (2) a causal connection between the injury and the defendant's alleged conduct; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). If a plaintiff fails to meet the burden of establishing any of these three elements, the plaintiff lacks standing and the court does not have subject matter jurisdiction over the case. *Bloedorn v. Grube*, 631 F.3d 1218, 1228 (11th. Cir. 2011).

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a complaint "for lack of subject matter jurisdiction by either a facial or factual attack." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). When a defendant makes a factual attack, it can introduce evidence outside the pleadings, "such as testimony and affidavits," to challenge subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A trial court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" without attaching "presumptive truthfulness . . . to plaintiff's allegations." *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981), *cert. denied*, 454 U.S. 891 (1981). As long as a plaintiff has "ample opportunity to present evidence bearing on the existence of jurisdiction," a trial court can make the determination as to whether he met

his burden. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) (quoting *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991)).

### III. Discussion

Plaintiffs alleged in their complaint that Ordinance 2017-02 amounted to an unconstitutional taking, depriving them of the right to possess and enjoy private property and causing damages. Specifically, Plaintiffs allege the City denied their right to use the property as they intended when they bought it – to harvest timber. Defendant's motion to dismiss and the attached affidavit factually challenge Plaintiffs' assertion of subject matter jurisdiction by arguing that Ordinance 2017-02 did not cause Plaintiffs any injury in fact. (Doc. 6, at ¶ 3). According to Defendant's motion and Mr. Gilbreath's affidavit, Fort Payne's 2008 zoning ordinance, which predates Plaintiffs' purchasing the property, precluded Plaintiffs' desire to clear cut the tract. (Doc. 6-1, ¶ 4). If Mr. Gilbreath's affidavit is correct, this court must dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, because Plaintiffs have only identified Ordinance 2017-02 as their cause of injury, an allegation irreconcilable with Mr. Gilbreath's affidavit.

After Defendant filed its motion to dismiss and Mr. Gilbreath's affidavit, this court provided Plaintiffs ample time to respond to Defendant's motion to dismiss with countervailing evidence. Plaintiffs instead moved for an extension of time to amend their complaint. Such an amendment could have alternatively established subject matter jurisdiction, but Plaintiffs failed to attach the proposed amended complaint to their motion. This court therefore denied the motion without prejudice, implicitly inviting Plaintiffs to re-file their motion, this time with the proposed amendment attached. Now, two months later and nearly four months after Defendant's motion to dismiss, Plaintiffs have failed to rebut Mr. Gilbreath's affidavit or amend their

complaint to properly establish standing. This court therefore FINDS that Plaintiffs showed no causal connection between Defendant's alleged conduct and Plaintiffs' alleged injury. Pursuant to this finding, this court GRANTS Defendant's motion and DIMISSES WITHOUT PREJUDICE Plaintiffs' complaint.

IV. **Conclusion**

For the reasons discussed above, the court therefore GRANTS Defendant's Motion to Dismiss. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 20th day of September, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE